IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALDRIC ROBINSON,

                              Plaintiff,

      v.                                                                   OPINION & ORDER

JACOB GRIPENTROG and                                         17-cv-586-jdp
BRANDON MUELLER,

                              Defendants.[1]

---

       Pro se plaintiff and prisoner Aldric Robinson is proceeding on a claim that defendants Jacob Gripentrog and Brandon Mueller failed to prevent Robinson from harming himself, in violation of the Eighth Amendment. Two motions are now before the court: (1) Robinson's motion to strike three of defendants' affirmative defenses, Dkt. 13; and (2) Robinson's motion for assistance in recruiting counsel, Dkt. 15. For the reasons discussed below, I will: (1) grant the motion to strike in part and deny it in part; and (2) deny the request for counsel without prejudice.

## ANALYSIS

**A. Motion to strike**

       Robinson moves to strike three of defendants' affirmative defenses: (1) failure to exhaust administrative remedies; (2) qualified immunity; and (3) sovereign immunity.

---

[1] I have amended the caption to reflect defendants' full names, as identified in the acceptance of service form. Dkt. 9.

Defendants do not oppose the motion as it applies to exhaustion, so I will grant that part of the motion.

As to qualified immunity and sovereign immunity, Robinson seems to be confused about the nature of his claims. He says that qualified immunity does not apply because "no defendant is being sued in his or her personal capacity," and that sovereign immunity does not apply because it "does not forbid suing state officials for damages in their individual capacities." Dkt. 13, at 1–2. But "personal capacity" and "individual capacity" are the same thing. *Duane v. Lane*, 959 F.2d 673, 675 (7th Cir. 1992). And because Robinson is alleging that defendants personally violated his rights and he is seeking damages against them, he is suing them in their personal capacity. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Under the doctrine of sovereign immunity, he cannot sue state officials like defendants for damages in their official capacity. *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012). Because defendants were entitled to raise defenses for both qualified immunity and sovereign immunity, I will deny Robinson's motion to strike those defenses.

**B. Assistance in recruiting counsel**

A pro se litigant does not have a right to counsel in a civil case, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in finding a lawyer to represent them. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A party who wants assistance from the court in recruiting counsel must meet several requirements. *Santiago v. Walls*, 599 F.3d 749, 760 61 (7th Cir. 2010). First, he must show that he is unable to afford to hire his own lawyer. 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). Second, he must show that he made reasonable efforts on his own to find a lawyer to represent him. *Jackson v. County of McLean*,

953 F.2d 1070 (7th Cir. 1992). Finally, he must show that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt*, 503 F.3d at 654 55 (7th Cir. 2007).

In this case, Robinson meets the first requirement because he is proceeding *in forma pauperis* and he meets the second requirement because he has submitted letters from three lawyers who have declined to represent him. But he fails on the third requirement because he has not shown that the case is too difficult for him to litigate on his own.

The case is still in its early stages, but Robinson's complaint and other filings have been clear and easy to follow. And Robinson himself admits that "this case is not particularly vexing." Dkt. 15, at 3. The law governing his claim is well established and was explained to him in the screening order. His primary task at summary judgment or trial will be to explain what happened to him and support his version of events with any corroborating evidence.

Robinson asserts two reasons for needing counsel in this case: (1) the prisoner who has been assisting him with the case is going to be released from prison in June 2018; and (2) he will be need discovery about "confidential and classified" records about other prisoners to prove his claim and it is unlikely that defendants will provide those to him. Both of these concerns are premature.

As to the first concern, the general rule is that a litigant's reliance on a fellow inmate for assistance in drafting legal filings does not factor into a court's analysis when deciding whether to assist with the recruitment of counsel. *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) ("[T]he fact that an inmate receives assistance from a fellow prisoner should not factor into the decision whether to recruit counsel."). This is because receiving assistance from a jailhouse lawyer is not proof that a plaintiff is himself incapable of presenting his case. Robinson does not allege that he is unable to read, write, or understand his claims. It may be

that Robinson will be able to find another prisoner to help him. Or it may be that Robinson will be able to litigate the case on his own. But until Robinson tries, I have no basis for inferring that he needs the assistance of counsel.

As to the second concern, Robinson does not clearly explain why he believes he will need confidential records of other prisoners. As explained in the screening order, his claim is narrow. The sole question is whether defendants knew that Robinson was suicidal, but failed to take reasonable steps to help him. *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006). It is not obvious why Robinson would need confidential information to answer that question. In any event, until defendants refuse to provide discoverable information on the ground that it is confidential, this issue is premature.

I will deny Robinson's motion for assistance in recruiting counsel without prejudice. If later events show that Robinson cannot litigate the case on his own, he may renew his motion then.

ORDER

IT IS ORDERED that:

1. Plaintiff Aldric Robinson's motion to strike defendants' affirmative defenses, Dkt. 13, is GRANTED as to the exhaustion defense. The motion is otherwise DENIED.

2. Robinson's motion for assistance in recruiting counsel, Dkt. 15, is DENIED without prejudice.

Entered April 11, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge