IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALDRIC ROBINSON,

                    Plaintiff,

          v.                                                OPINION and ORDER

JACOB GRIPENTROG and                                        17-cv-586-jdp
BRANDON MUELLER,

                    Defendants.

---

Pro se plaintiff and prisoner Aldric Robinson is proceeding on a claim that defendants Jacob Gripentrog and Brandon Mueller failed to prevent Robinson from harming himself, in violation of the Eighth Amendment. Two motions are before the court: (1) Robinson's motion for summary judgment, Dkt. 19; and (2) Robinson's motion for an extension of time to file a reply brief in support of his summary judgment motion, Dkt. 29.

I will grant Robinson's motion to file a late reply brief, which the court has now received. Dkt. 31. But I will deny Robinson's motion for summary judgment because there is a genuine issue of material fact that must be resolved by the jury.

ANALYSIS

To prevail on his claim at summary judgment, Robinson must show that there are no genuine disputes of material fact and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, he must show that no reasonable jury could find in favor of defendants at trial. *Canen v. Chapman*, 847 F.3d 407, 412 (7th Cir. 2017). Robinson has not made that showing.

To prevail on an Eighth Amendment claim that prison staff failed to protect a prisoner from self-harm, the prisoner must show three things: (1) there was a strong likelihood that he would seriously harm himself in the near future; (2) defendants knew of that strong likelihood; and (3) defendants consciously failed to take reasonable measures to prevent him from harming himself. *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650 (7th Cir. 2012). To support his claim in this case, Robinson cites his declaration, in which he alleges that he told both defendants that he was suicidal, but they refused to take any action to help him. Dkt. 22, ¶ 10–14. But, in their declarations, both defendants deny that Robinson told them that he was suicidal. Dkt. 27, ¶¶ 7–8; Dkt. 28, ¶ 6. This means that there is a genuine dispute whether defendants knew of a strong likelihood that Robinson would seriously harm himself. Because I cannot determine on a motion for summary judgment whether Robinson or defendants are more credible, *Townsend v. Fuchs*, 522 F.3d 765, 774–75 (7th Cir. 2008), I will deny Robinson's summary judgment motion.

## ORDER

IT IS ORDERED that:

1. Plaintiff Aldric Robinson's motion for an extension of time to file a reply brief, Dkt. 29, is GRANTED.

2. Robinson's motion for summary judgment, Dkt. 19, is DENIED.

Entered February 7, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge