IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ALDRIC ROBINSON,

                              Plaintiff,

        v.                                                ORDER

JACOB GRIPENTROG and                                 17-cv-586-jdp
BRANDON MUELLER,

                              Defendants.

Pro se plaintiff and prisoner Aldric Robinson is proceeding on a claim that defendants Jacob Gripentrog and Brandon Mueller failed to prevent Robinson from harming himself by swallowing pills, in violation of the Eighth Amendment. Trial is scheduled for June 13, 2019. Two matters are before the court: (1) Robinson's petition for two writs of habeas corpus ad testificandum, Dkt. 47; and (2) defendants' motions in limine, Dkt. 40.

I will grant Robinson's petition to issue writs for prisoners Joshua Shadduck and Jarvis Duke. Robinson has submitted declarations from both prisoners, who both aver that they witnessed the events the gave rise to the lawsuit, *see* Dkt. 48 and Dkt. 49, so Robinson has shown that Shadduck and Duke may have relevant testimony. I note that both prisoners aver that they are housed at Waupun Correctional Institution, but the Wisconsin Department of Corrections inmate locator website shows that Shadduck is now housed at Fox Lake Correctional Institution, so I will direct the clerk of court to issues writs to the wardens of both prisons.

Defendants have filed two motions in limine. The first is to "exclude[e] any argument, testimony, or evidence regarding causation of physical injury, permanence, future care and treatment, or future pain and suffering." Dkt. 40, at 1. I agree with defendants that Robinson

isn't qualified to give an opinion about future treatment he may need or future pain and suffering he may experience. But I will allow him to describe the symptoms he experienced after swallowing the pills. At this point, I am not persuaded that an expert is need to infer causation. *Cyrus v. Town of Mukwonago*, 624 F.3d 856, 865 (7th Cir. 2010) ("[T]he general rule is that expert testimony is not necessary to prove causation if all the primary facts can be accurately and intelligibly described to the jury, and if they, as men of common understanding, are as capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special or peculiar training, experience or observation.") (internal quotations omitted).

Defendants' second motion is to "exclude any argument, questions, testimony, or evidence with regard to lawsuits, complaints, or newspaper articles relating or referring to the Wisconsin Department of Corrections." Dkt. 40, at 2. Robinson hasn't identified any lawsuits, complaints, or newspaper articles that he plans to offer, so I will grant this motion.

ORDER

IT IS ORDERED that:

1. Plaintiff Aldric Robinson's petition for writs of habeas corpus ad testificandum, Dkt. 47, is GRANTED for the June 13, 2019 trial. The clerk of court is directed to

issue writs for Joshua Shadduck at Fox Lake Correctional Institution and Jarvis Duke at Waupun Correctional Institution.

2. The motions in limine filed by defendants Jacob Gripentrog and Brandon Mueller, Dkt. 40, are GRANTED in part and DENIED in part as described in this order.

Entered May 9, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge